**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Walden,* **Slip Opinion No. 2019-Ohio-5287.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-5287

DISCIPLINARY COUNSEL *v.* WALDEN.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Walden,* Slip Opinion No. 2019-Ohio-5287.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct and the Rules for the Government of the Bar—Two-year suspension, with 18 months stayed on conditions.*

(No. 2019-0800—Submitted August 6, 2019—Decided December 24, 2019.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2018-059.

_____

**Per Curiam.**

{¶ 1} Respondent, Derek James Walden, of Columbus, Ohio, Attorney Registration No. 0083730, was admitted to the practice of law in Ohio in 2008. On November 3, 2015, we suspended Walden's license for his failure to register for the 2015-2017 biennium, but we reinstated it the next day. *In re Attorney Registration Suspension of Walden*, 143 Ohio St.3d 1509, 2015-Ohio-4567, 39 N.E.3d 1277; *In*

*re Reinstatement of Walden*, 144 Ohio St.3d 1432, 2015-Ohio-5363, 42 N.E.3d 766. On April 4, 2017, Walden registered his license as inactive.

{¶ 2} In a complaint filed with the Board of Professional Conduct on November 26, 2018, relator, disciplinary counsel, alleged that Walden neglected three client matters, failed to reasonably communicate with the affected clients, made false statements to the tribunal in one of those matters, and failed to cooperate in the ensuing disciplinary investigations. Walden answered the complaint and later entered into stipulations of fact, misconduct, and aggravating and mitigating factors. He also testified at a hearing before a panel of the board.

{¶ 3} The board issued a report that largely adopted the parties' stipulations and recommends that Walden be suspended from the practice of law for two years with 18 months stayed. No objections have been filed.

{¶ 4} We accept the board's findings of misconduct and impose a two-year suspension, with the final 18 months conditionally stayed.

**Misconduct**

{¶ 5} Walden had an "of counsel" relationship with Dorman Law, L.L.C., in 2013 and 2014. During Walden's tenure at the firm, he represented Gail Harper-Perry and Perry Lewis, who had retained the firm to pursue personal-injury claims, and Cynthia Cooper, who had retained the firm to pursue a dental-malpractice claim. When Walden left the firm in October 2014, all three clients opted to follow him to his new firm, Walden Law, L.L.C.

{¶ 6} Walden filed complaints on behalf of all three clients, but he subsequently failed to respond to their calls and e-mails and never told Lewis that he had commenced his litigation.

{¶ 7} Because Walden failed to respond to discovery requests, defense counsel in two of the three cases filed motions to compel. In Harper-Perry's case, Walden failed to respond to the defendant's motion, failed to comply with the court's order compelling discovery, and failed to respond to the defendant's

subsequent motion to dismiss the complaint. Citing Walden's failure to comply with court orders and to prosecute Harper-Perry's case, the court dismissed the complaint without prejudice.

{¶ 8} Walden appeared at a status conference in Lewis's case and explained that he had just recently located his client and that they would work together to resolve the outstanding discovery issues. The court therefore denied the defendant's motion to compel and extended discovery deadlines. After a second motion to compel was filed, Walden appeared at another status conference and provided incomplete discovery responses. He falsely told the court that Lewis had not been forthcoming with information—when in reality, he had failed to maintain contact with his client—and he said that he would work with Lewis to supplement the responses. Although the court granted the second motion to compel and set a new discovery deadline, Walden failed to take any further action on Lewis's behalf. Consequently, the court dismissed the case without prejudice.

{¶ 9} In Cooper's case, the defendants filed a motion for summary judgment alleging that Walden had not filed an affidavit of merit in accordance with Civ.R. 10(D)(2) and had failed to respond to repeated requests for discovery. Upon finding that no affidavit of merit had been filed, the court dismissed the case without prejudice.

{¶ 10} Walden did not inform any of the three clients that their cases had been dismissed.

{¶ 11} The parties stipulated and the board found that in each of these cases, Walden's conduct violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(3) (requiring a lawyer to keep a client reasonably informed about the status of a matter), 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from a client), and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice) and that his conduct in the Lewis matter

also violated Prof.Cond.R. 3.3(a)(1) (prohibiting a lawyer from knowingly making a false statement of fact or law to a tribunal).

{¶ 12} In addition, the parties stipulated and the board found that Walden failed to respond to numerous letters of inquiry sent to him by relator and the Columbus Bar Association, which initiated the investigation of Lewis's grievance. Although he provided a belated response to relator's initial letter of inquiry to forestall a scheduled deposition and was eventually deposed by relator and the bar association, he failed to comply with their requests for additional information. He did not reengage with the disciplinary process until relator served him with notice of intent to file a formal complaint. On these facts, the board agreed that Walden violated Prof.Cond.R. 8.1(b) and Gov.Bar R. V(9)(G) (both requiring a lawyer to cooperate with a disciplinary investigation).

## Sanction

{¶ 13} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 14} The board found, and we agree, that Walden violated Prof.Cond.R. 1.3, 1.4(a)(3), 1.4(a)(4), and 8.4(d) in his representation of Harper-Perry, Lewis, and Cooper, that he failed to cooperate in the ensuing disciplinary investigations in violation of Prof.Cond.R. 8.1(b) and Gov.Bar R. V(9)(G), and that he made false statements of fact to a tribunal in violation of Prof.Cond.R. 3.3(a)(1) in Cooper's case.

{¶ 15} The parties stipulated that four aggravating factors are present— Walden's one-day registration suspension, pattern of misconduct, multiple offenses, and demonstrated lack of cooperation in the disciplinary process. *See* Gov.Bar R. V(13)(B)(1), (3), (4), and (5). As mitigating factors, the parties stipulated and the board found that Walden had not acted with a dishonest or selfish

motive, had fully cooperated in the disciplinary proceedings after receiving relator's notice of intent to file a formal complaint, and had presented three letters attesting to his good character and reputation in the community. *See* Gov.Bar R. V(13)(C)(2), (4), and (5).

{¶ 16} Walden testified that he began to suffer from depression in the spring or summer of 2015 and sought help from the Ohio Lawyers Assistance Program ("OLAP") and treatment professionals that fall. Although he did not attempt to establish his disorder as a mitigating factor pursuant to Gov.Bar R. V(13)(7), the board nonetheless recommended that it be afforded some mitigating effect.

{¶ 17} In determining the appropriate sanction for Walden's misconduct, the board considered the sanctions we imposed for comparable misconduct in seven cases. Of those cases, we find *Cleveland Metro. Bar Assn. v. Bancsi*, 141 Ohio St.3d 457, 2014-Ohio-5255, 25 N.E.3d 1018, *Disciplinary Counsel v. Engel*, 154 Ohio St.3d 209, 2018-Ohio-2988, 113 N.E.3d 481, and *Disciplinary Counsel v. Karp*, 156 Ohio St.3d 218, 2018-Ohio-5212, 124 N.E.3d 819, to be particularly instructive.

{¶ 18} Bancsi failed to respond to interrogatories and a request for production of documents in a single client matter, even after the court granted the opposing party's motion to compel, and the court ultimately dismissed the client's motion to modify his spousal-support obligation. Bancsi then waited several months to file a motion for relief from that judgment. Like Walden, Bancsi violated Prof.Cond.R. 1.3, 1.4(a)(3), 1.4(a)(4), and 8.4(d). Although Bancsi had not acted with a dishonest or selfish motive and fully cooperated in the disciplinary process, he had been publicly reprimanded for client-trust-account violations, suspended twice for continuing-legal-education ("CLE") violations, and suspended a third time for continuing to practice law during a CLE suspension. Bancsi's misconduct also caused financial harm to his client by delaying the reduction of his spousal-support obligation for approximately 12 months. We suspended Bancsi from the

practice of law for two years but stayed the last 18 months of that suspension on the conditions that he pay the costs of the proceedings and engage in no further misconduct, and we ordered him to serve a two-year term of monitored probation upon his reinstatement to the practice of law.

{¶ 19} We also suspended Engel from the practice of law for two years with 18 months conditionally stayed followed by a two-year period of monitored probation for his neglect of a single client matter, failure to keep the client reasonably informed about the status of the matter, and failure to comply with the client's reasonable requests for information. As aggravating factors, we found that Engel had twice been disciplined for previous misconduct in client matters, had committed multiple offenses, and had failed to cooperate in the investigative stage of the disciplinary process. Four mitigating factors were present—namely, that Engel had not acted with a dishonest or selfish motive, had eventually cooperated in the disciplinary proceeding, and had submitted evidence of his good character and reputation as well as two qualifying mental disorders.

{¶ 20} Similarly, the attorney in *Karp*, 156 Ohio St.3d 218, 2018-Ohio-5212, 124 N.E.3d 819, neglected a single client's immigration matter, failed to explain the matter to the extent reasonably necessary to permit the client to make an informed decision, and failed to reasonably consult with the client about the means by which her objectives were to be accomplished. He also engaged in dishonesty—by misrepresenting the status of the case to the client, her employer, and the federal government and by making false statements of material fact in connection with the disciplinary proceeding. We found that in addition to Karp's having acted with a dishonest motive, he had committed multiple offenses, engaged in a pattern of misconduct, failed to appreciate the gravity of his misconduct, and caused harm to his client, whose immigration status rendered her extremely vulnerable. We recognized that Karp had no prior discipline, but we attributed little mitigating effect to his efforts to make restitution and rectify the consequences of

his misconduct, his belated efforts to cooperate in the disciplinary proceeding, and the physical and mental disorders that contributed to his misconduct. We suspended him from the practice of law for two years, with 18 months stayed on conditions, including that he enter into an OLAP contract, comply with all resulting treatment recommendations, and engage in no further misconduct.

{¶ 21} Here, Walden engaged in misconduct comparable to that of Bancsi, Engel, and Karp—but he did it in three separate client matters. Although Walden, unlike Bancsi and Engel, also made false statements of fact to a tribunal in one case, we do not believe that a more severe sanction is warranted here. Unlike in *Karp* and *Bancsi*, there is no evidence that Walden's conduct has caused any harm other than the delay occasioned by his neglect. And unlike in *Bancsi* and *Engel*, Walden's only prior discipline is a one-day attorney-registration suspension. On these facts, we agree that Walden's conduct warrants a two-year suspension, with 18 months stayed.

{¶ 22} Accordingly, Derek James Walden is hereby suspended from the practice of law for two years, with 18 months stayed on the condition that he commit no further misconduct. Upon reinstatement, in addition to the requirements set forth in Gov.Bar R. V(24), Walden shall be required to demonstrate that he has completed an OLAP evaluation and complied with all resulting treatment recommendations. If Walden fails to comply with the condition of the stay, the stay will be lifted and he will serve the full two-year suspension. Costs are taxed to Walden.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Joseph M. Caligiuri, Disciplinary Counsel, and Michelle R. Bowman, Assistant Disciplinary Counsel, for relator.

Derek James Walden, pro se.

_____